

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-14-563

| | |
|---|---|
| | Opinion Delivered   November 5, 2014 |
| QUINSHUNTA WINDOM<br>APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, EIGHTH DIVISION |
| V. | [NO. 60JV-12-2362] |
| ARKANSAS DEPARTMENT OF HUMAN SERVICES and MINOR CHILDREN<br>APPELLEES | HONORABLE WILEY A. BRANTON, JR., JUDGE |
| | AFFIRMED; MOTION TO WITHDRAW GRANTED |

## WAYMOND M. BROWN, Judge

The Pulaski County Circuit Court terminated the parental rights of appellant Quinshunta Windom to her seven children.[1]   Windom's counsel has filed a motion to withdraw and a no-merit brief, pursuant to *Linker-Flores v. Arkansas Department of Human Services*,[2] and Arkansas Supreme Court Rule 6-9(i),[3] contending that there are no meritorious grounds to support an appeal.  The clerk of our court mailed a certified copy of counsel's motion and brief to appellant, informing her of her right to file pro se points for reversal.

---

[1]The court also terminated the fathers' parental rights to the respective children, with the exception of Dwayne Thompson.  However, these terminations are not the subject of this appeal.

[2]359 Ark. 131, 194 S.W.3d 739 (2004).

[3](2013).

SLIP OPINION

Appellant has filed pro se points for reversal. The Arkansas Department of Human Services (DHS) and the ad litem chose not to file a brief. However, they did file a joint response to appellant's pro se points. We affirm the termination order and grant counsel's motion to withdraw.

DHS became involved with the family in May 2010, due to allegations of sexual abuse perpetrated against Windom's daughter, S.T., by appellant's boyfriend, Keith Lewis. A safety plan was put in place, requiring that Lewis have no contact with the children upon his release from incarceration. The case was closed in June 2011. DHS took emergency custody of the children on December 4, 2012, after appellant was arrested for DWI, and it was discovered that appellant had left the children in the care of Lewis. DHS petitioned the court for emergency custody due to inadequate supervision on December 10, 2012. The court issued an ex parte order for emergency custody that same day. The children were adjudicated dependent-neglected in an order filed February 12, 2013, based on the lack of a caretaker and appellant's failure to protect them by allowing a sex offender to have contact with them. The adjudication order established a goal of reunification and ordered appellant to do a number of things in order to reach the goal. In the review order filed May 22, 2013, the court found that the case plan was moving towards an appropriate permanency plan and continued the goal of reunification. A permanency-planning hearing took place on September 24, 2013. The court entered an order on October 17, 2013, finding that compelling reasons existed to

SLIP OPINION

give the family more time. At a second permanency-planning hearing on December 10, 2013, the court changed the case's goal to termination of parental rights.[4]

DHS filed a petition for the termination of appellant's parental rights on December 30, 2013. The petition listed five possible grounds for termination; however, only three concerned appellant: (1) that the children had been adjudicated by the court to be dependent-neglected and had continued out of appellant's custody for twelve months, and despite meaningful efforts by DHS to rehabilitate appellant and correct the conditions that caused removal, those conditions have not been remedied;[5] (2) that subsequent to the filing of the original petition for dependency-neglect, other factors or issues arose which demonstrate that return of the children to the family home is contrary to their health, safety, or welfare and that, despite the offer of appropriate family services, appellant had manifested the incapacity or indifference to remedy the subsequent issues or factors or rehabilitate the circumstances which prevent return of the children to the family home;[6] and (3) that appellant had subjected the children to aggravated circumstances.[7]

The termination hearing took place on February 25, 2014. At the conclusion of the hearing, the court granted DHS's petition. The order terminating appellant's parental rights was entered on April 2, 2014. It stated in pertinent part:

---

[4]The order was entered on December 19, 2013.

[5]Ark. Code Ann. § 9-27-341(b)(3)(B)(i)(*a*) (Supp. 2013).

[6]Ark. Code Ann. § 9-27-341(b)(3)(B)(vii)(*a*) (Supp. 2013).

[7]Ark. Code Ann. § 9-27-341(b)(3)(B)(ix)(*a*)(*3*) (Supp. 2013).

-3-

SLIP OPINION

The first ground of the petition for termination of parental rights (hereafter referred to as "the petition") is proven as to the mother. The mother is almost in the same situation today as when the case started. In the beginning, the mother spent 40 days in jail on a DWI charge. At the end of 2013, the mother was in jail. Today, the mother has an outstanding warrant which she says should have been withdrawn, and the court will give her the benefit of the doubt. The mother has no credibility. Even if low functioning, the mother had difficulty relating the sequence of events of prior history. The mother was reluctant while testifying, trying to gauge whether or not to be truthful on how her answers would sound to the court. The mother has lacked credibility throughout the entire case. The mother is an unstable person. The mother has legal issues and is again without a home. The mother has a history of many men being in and out of her life. Mr. Lewis is a sex offender. Mr. Handy is currently in prison. This is problematic. The court is concerned that the mother would continue to live an unstable life if the children were returned to her.

The second ground of the petition is proven as to the mother[.] The mother has been offered services, and she made an effort to comply. However delivery of services has resulted in no material difference in rendering the mother fit and appropriate. After the case began, the mother has been in jail and has lost her home[.]

The third ground of the petition is proven as to the mother[.] It is unlikely that services to the mother would result in successful reunification within a reasonable period of time consistent with the children's developmental needs. There are no compelling reasons to give her more time. The mother had earlier involvement with DHS. The mother failed to protect [S.T.] after being put on notice regarding the allegations in 2006 that Mr. Lewis sexually abused [B.T.].[8]

In terminating appellant's parental rights, the court found that the children were adoptable and that potential harm existed if the children were returned to appellant. This timely appeal followed.

Counsel contends that this appeal is without merit. After carefully examining the record, the brief, and Windom's pro se points,[9] we hold that counsel has complied with the

_____

[8]B.T. is appellant's oldest daughter. She was not the subject of this case.

[9]Windom alleges in one of her pro se points for reversal that appellate counsel represented Lewis at the termination hearing, and that this is a conflict. The record before us, as well as the termination order, does not support Windom's contention. However, we cannot think of a situation that would change the outcome of this case.

requirements established by the Arkansas Supreme Court for no-merit appeals in termination cases,[10] and we conclude that the appeal is wholly without merit. Accordingly, we affirm the order terminating appellant's parental rights and grant counsel's motion to withdraw.

Affirmed; motion to withdraw granted.

WHITEAKER and HIXSON, JJ., agree.

---

[10]In dependency-neglect cases, if, after studying the record and researching the law, appellant's counsel determines that the appellant has no meritorious basis for appeal, then counsel may file a no-merit petition and move to withdraw. The petition must include an argument section listing all adverse rulings to the appellant made by the circuit court on all objections, motions, and requests made by the party at the hearing from which the appeal arose and explaining why each adverse ruling is not a meritorious ground for reversal. The petition must also include an abstract and addendum containing all rulings adverse to the appellant made at the hearing from which the order on appeal arose. Ark. Sup. Ct. R. 6-9(i) (2013).